UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ALEX J. HASKINS,
        Plaintiff,
v.

AMWAY CORP., a Virginia for Profit Corporation,
        Defendant.

Civil Action No.
Judge

---

Courtney E.S. Fisk (P68475)
Jordan R. Held (P84557)
KREIS, ENDERLE, HUDGINS
& BORSOS, P.C.
Attorneys for Plaintiff
333 Bridge Street NW, Suite 900
Grand Rapids, MI 49504
(616) 254-8400; Fax (616) 258-7006
cfisk@kreisenderle.com
jheld@kriesenderle.com

---

## **VERIFIED COMPLAINT**

NOW COMES the Plaintiff, Alex J. Haskins (hereinafter "Mr. Haskins" or "Plaintiff"), by and through his attorneys, KREIS, ENDERLE, HUDGINS & BORSOS, P.C., who hereby submits the following as his Verified Complaint against Defendant, Amway Corp. (hereinafter "Defendant"):

<u>Parties, Jurisdiction, and Venue</u>

1.    Mr. Haskins resides in Jenison, Michigan, which is located in Ottawa County, Michigan. However, Mr. Haskins is temporarily located in Florida receiving care and treatment.

2.    Defendant Amway Corp. is a Virginia corporation doing business in Ada, which is located in Kent County, Michigan.

1

3. Mr. Haskins brings claims in this lawsuit under the Americans with Disabilities Act ("ADA"), 42 USC § 12101 et seq., and the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), MCL § 37.1201 et seq.

4. Jurisdiction in this Court is proper pursuant to 28 USC § 1331 and 28 USC § 1367.

5. Venue is proper pursuant to 28 USC § 1391 because the parties reside or conduct business in and a majority of the events alleged herein took place in the Western District of Michigan.

6. Mr. Haskins dual-filed a charge of employment discrimination on the basis of disability with the Equal Employment Opportunity Commission ("EEOC") and the Michigan Department of Civil Rights ("MDCR") within 300 days of the commission of the unlawful employment practice alleged in this claim.

7. Mr. Haskins received the Determination and Notice of Rights letter from the EEOC on July 7, 2025, and has filed this complaint within 90 days of receiving the notice of the right to sue.

8. Mr. Haskins was, at all relevant times to the allegations herein this Complaint, employed by the Defendant.

9. Mr. Haskins has a disability as defined by both the ADA and the PDCRA, namely that he suffers from major depressive disorder, which is a mental impairment that substantially limits one or more of his major life activities.

Factual Allegations

10. Mr. Haskins' employment with Defendant began in March 2021, and he worked for Defendant at its facilities located at 7575 Fulton St. E, Ada, Michigan, as a manufacturing technician until February 12, 2025, when his employment was terminated.

2

11. In November or December 2024, Mr. Haskins informed Defendant of his disability-related needs and requested a leave of absence, which was granted.

12. After the leave of absence was approved, Mr. Haskins was informed that additional documentation was required and he was instructed to coordinate with a third-party, Unum, regarding his disability-related leave.

13. Mr. Haskins communicated with agents of Defendant on or about December 27, 2024, and January 28, 2025, providing and requesting updates on his leave and claim with third-party, Unum.

14. From February 3, 2025, to February 6, 2025, Mr. Haskins was hospitalized due to having suicidal ideations.

15. On February 6, 2025, Defendant communicated to Mr. Haskins that he had missed 62 days of work and that he was in jeopardy of losing his job unless specific documentation was provided by February 10, 2025.

16. On February 9, 2025, Mr. Haskins provided documentation to Unum, including his after-visit hospital summary.

17. A discrepancy in the paperwork prompted Mr. Haskins to request an extension to submit the additional documentation, which was granted by Unum, with an updated submission deadline of February 18, 2025.

18. On February 10, 2025, Mr. Haskins began receiving trauma therapy.

19. On February 12, 2025, an email was sent to an incorrect email address for Mr. Haskins informing him that his employment was terminated effective immediately.

20. After Mr. Haskins' employment was terminated, his claim for Long Term Disability was granted.

21. Mr. Haskins' disability is unrelated to his ability to perform his work as a manufacturing technician.

**COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

22. Plaintiff restates and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

23. Mr. Haskins suffers from major depressive disorder.

24. At all relevant times, Mr. Haskins was an individual with a disability, in that he has a mental impairment that substantially limits one or more of his major life activities and has a record of the impairment.

25. Mr. Haskins is qualified for the position, as he is an individual who can perform the essential functions of his job as a manufacturing technician at Defendant's plant.

26. The ADA makes it unlawful to discriminate against a qualified individual in the terms and conditions of employment on the basis of disability.

27. Defendant discriminated against Mr. Haskins when it terminated his employment relating to and because of his disability.

28. Defendant conducted itself with malice or with reckless indifference to Mr. Haskins' federally protected rights.

29. Defendant refused to engage in any accommodation discussions with Mr. Haskins when he inquired into the interactive process for accommodations.

30. As a direct and proximate result of Defendant's discrimination on the basis of disability, Mr. Haskins has suffered lost wages, benefits, and loss of employment opportunities.

31. Additionally, Defendant's failure to make any reasonable accommodation to Mr. Haskins has caused and continues to cause Mr. Haskins to suffer substantial damages for monetary losses, mental anguish, loss of enjoyment of life, and other non-monetary losses.

**COUNT II – VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES ACT**

32. Plaintiff restates and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

33. Mr. Haskins suffers from major depressive disorder.

34. At all relevant times, Mr. Haskins was an individual with a disability, in that he has a determinable mental characteristic that substantially limits one or more of his major life activities.

35. At the time of his termination of employment, Mr. Haskins' disability was unrelated to his ability to perform the duties of his job as a manufacturing technician.

36. Mr. Haskins was discriminated against, within the meaning of the PDCRA, when Defendant terminated him due to his mental disability.

37. Mr. Haskins' mental disability, namely his major depressive disorder, was a determining factor in Defendant's decision to terminate his employment.

38. The actions of Defendant and its agents, representatives, and employees were intentional in their disregard for the rights of Mr. Haskins.

39. Defendant failed to engage in any accommodation discussions with Mr. Haskins when he inquired into the interactive process for accommodations.

40. As a direct and proximate result of Defendant's unlawful discrimination, Mr. Haskins has sustained injuries and damages, including the loss of earnings and earning capacity, loss of fringe and pension benefits, mental and emotional distress, humiliation and embarrassment,

loss of significant career opportunities, and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice.

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief against the Defendant:

A. An order of this Court reinstating Plaintiff to an appropriate position with Defendant;

B. An order of this Court awarding Plaintiff compensatory damages and punitive damages in amounts to be determined at trial in this matter;

C. An award to Plaintiff of attorney fees, costs of litigation, and interest; and

D. an order granting Plaintiff any further relief that this Court deems just and equitable.

## **VERIFICATION OF COMPLAINT**

I do hereby state under oath and penalty of perjury that I have personal knowledge of the facts asserted hereto and under and declare that the statements above are true to the best of my information, knowledge, and belief.

Dated: October 6, 2025

*/s/ Alex J. Haskins*
_____
Alex J. Haskins

Respectfully Submitted,

KREIS, ENDERLE, HUDGINS
& BORSOS, P.C

Dated: October 6, 2025

*/s/ Courtney E.S. Fisk*
_____
Courtney E.S. Fisk (P68475)
Jordan R. Held (P84557)
Attorneys for Plaintiff

6